# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 18, 2010

Lyle W. Cayce
Clerk

No. 10-50173
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL ADRIAN GONZALEZ-VILLEGAS,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 3:09-CR-2963-1

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Miguel Gonzalez-Villegas pleaded guilty of attempted illegal reentry into the United States and making a false claim to United States citizenship. The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court imposed a within-guidelines sentence that included concurrent terms of 80 months of imprisonment for illegal reentry and 36 months for making a false claim.  Gonzalez-Villegas contends that the sentence is substantively unreasonable, because it is greater than necessary to accomplish the sentencing goals of 18 U.S.C. § 3553(a).

Gonzalez-Villegas concedes that the plain error standard of review is applicable under circuit precedent, because he did not object to his sentence in the district court, *see United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007), but he wishes to preserve for further review the issue "whether a failure to object to the reasonableness of a sentence upon its imposition requires plain error review."  "[A] sentence within a properly calculated Guideline range is presumptively reasonable."  *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

Gonzalez-Villegas argues that his guideline range was too severe, because the application of U.S.S.G. § 2L1.2 effectively resulted in the double-counting of his criminal history; his prior conviction for illegal reentry weighed too heavily in the calculation of his guideline range; the range overstated the seriousness of his illegal reentry offense; and the range failed properly to account for his personal history and characteristics and benign motivation in attempting to reenter.  "[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant."  *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).  Gonzalez-Villegas has not established that his sentence is unreasonable.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009); *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

AFFIRMED.